THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT<br><br>Case No. 2:22-cv-00479-BSJ-JCB<br><br>District Judge Bruce S. Jenkins<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Jerry Ernest Lopez's ("Mr. Lopez") complaint.[2] Mr. Lopez has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court will review the sufficiency of Mr. Lopez's complaint under the authority of the IFP Statute. For the reasons explained below, the court finds that Mr. Lopez's claims should be dismissed and, therefore, orders Mr. Lopez to file a motion for leave to amend his complaint by no later than 30 days after the date of this Order.

---

[1] ECF No. 8.

[2] ECF No. 5.

[3] ECF No. 4.

# BACKGROUND

Mr. Lopez's complaint names as defendants the United States of America ("USA"), the United States Department of Justice ("DOJ"), and the Salt Lake Federal Bureau of Investigations ("FBI").[4] Mr. Lopez's complaint contains the following allegations in support of his claims:

- "[The FBI] failed to answer or investigate complaints and take action against [his] stalkers and harassment after II complaints several in Salt Lake and Missouri. Stalkers names ar[e] Marcus Golden, Angelic Griego, Christina Lopez, Jerrik Burton, Tanisha Lopez, Micheal Jessop, Charlene Peradeas."[5]

- Mr. Lopez claims that, "due to failed complaints and lack of action by [the FBI, he has] been harassed and evidence stolen by said persons also discriminated by law enforcement due to lies by person impersonating [FBI]."[6]

- Mr. Lopez also states that he has "been charged and sentenced on cases that should [have been] dismissed resulting in injuries by one Marcus Golden paying someone to run me down with [a] vehicle."[7]

- Mr. Lopez believes he is entitled to the following relief: "All cases reviewed by [FBI] internal affairs to show misconduct and investigating without probable cause & pain and suffering."[8]

Based upon these allegations, Mr. Lopez asserts a cause of action for "official misconduct and failure of duty," purportedly under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[9]

---

[4] ECF No. 5 at 2.

[5] *Id.* at 4.

[6] *Id.* at 5.

[7] *Id.*

[8] *Id.* at 6.

[9] *Id.* at 4.

## **LEGAL STANDARDS**

Federal courts are courts of limited subject matter jurisdiction.[10] Fed. R. Civ. P. 12(b)(1) allows a court to dismiss a complaint for "lack of jurisdiction over the subject matter."[11] The party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[12] To do so, the plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[13] When it appears that a federal court lacks jurisdiction of the subject matter, the court must dismiss the action.[14]

Additionally, whenever the court authorizes a party to proceed in forma pauperis, the court must dismiss a case if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[15] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[16]

In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a

---

[10] *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (2015).

[11] Fed R. Civ. P. 12(b)(1).

[12] *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) (quotations and citations omitted).

[13] *U. S. ex rel. Precision Co. v. Kock Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

[14] *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).

[15] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[16] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

claim under Fed. R. Civ. P. 12(b)(6).[17] Under that standard, the court "look[s] for plausibility in th[e] complaint."[18] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[19]

In analyzing Mr. Lopez's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[20] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[21] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[22]

---

[17] *Id.*

[18] *Id.* at 1218 (quotations and citation omitted) (second alteration in original).

[19] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[21] *Bellmon*, 935 F.2d at 1110.

[22] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

## ANALYSIS

The court orders Mr. Lopez to amend his complaint for two reasons. First, as demonstrated below, the court lacks jurisdiction over Mr. Lopez's claims. Second, Mr. Lopez's complaint fails to state claims upon which relief can be granted. Finally, because Mr. Lopez might be able to amend his complaint to fix these problems, the court affords him an opportunity to move for leave to do so.

**I.     The Court Lacks Jurisdiction Over Mr. Lopez's Claims.**

This court lacks subject matter jurisdiction over this action because Mr. Lopez has failed to establish a waiver of the United States' sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued."[23] The United States' consent to be sued is a "prerequisite for jurisdiction."[24] When the United States has not waived its sovereign immunity, a lawsuit must be dismissed for want of subject matter jurisdiction.[25]

As the plaintiff in this action, Mr. Lopez bears the burden of establishing federal jurisdiction.[26] To do so, he "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[27] In this case, the court concludes that it lacks subject matter jurisdiction over Mr. Lopez's claims because Mr. Lopez has not established compliance with any waiver of sovereign immunity allowing him to sue the FBI. First, the

---

[23] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotations and citation omitted).

[24] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[25] *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015).

[26] *Penteco Corp. Ltd. P'ship --- 1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991).

[27] *U. S. ex rel. Precision Co. v. Kock Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

United States has not waived its sovereign immunity for its agencies, or employees acting in their official capacities, to be sued for alleged Constitutional violations.[28] Second, the United States has not waived its sovereign immunity under 42 U.S.C. § 1985 as a matter of law.[29] Accordingly, the court lacks subject matter jurisdiction over Mr. Lopez's claims.

II.     **Mr. Lopez Fails to State Claims Upon Which Relief Can Be Granted.**

Even if Mr. Lopez could establish a waiver of sovereign immunity, his claims under sections 1983 and 1985 fail as a matter of law because Mr. Lopez has claimed "infringement of a legal interest which clearly does not exist."[30] Despite Mr. Lopez's allegations, the FBI is not required to investigate every complaint filed. "As a general matter, law enforcement decisions surrounding the investigation and prosecution of crimes . . . involve the exercise of discretion."[31] Thus, for Mr. Lopez to state a claim, he must demonstrate the absence of discretion by revealing a federal statute, regulation, or policy that imposed upon the FBI a duty to investigate or take action in the context of Mr. Lopez's claim.[32] In the absence of such authority, the court must "presume that a government agent's discretionary actions are grounded in policy."[33]

---

[28] *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable . . . for constitutional tort claims."); *Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (holding no waiver of sovereign immunity to bring constitutional claims against the Department of Justice or its employees sued in their official capacities)

[29] *Jones v. Nat'l. Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006) ("The U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42.").

[30] *Neitzke*, 490 U.S. at 327-28.

[31] *Tasso v. U. S.*, 772 F. App'x 608, 612 (10th Cir. 2019) (quotations and citations omitted).

[32] *See, e.g.*, *Sydnes v. United States*, 523 F.3d 1179, 1184 (10th Cir. 2008).

[33] *Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1222 (10th Cir. 2016).

Mr. Lopez has not provided the court with—and the court is not aware of—any basis whatsoever to conclude that the FBI, the DOJ, or any other official or agency of the United States owes Mr. Lopez a nondiscretionary duty to investigate his claims. Consequently, the court must presume that the law enforcement defendants appropriately acted within their ample discretion. Therefore, Mr. Lopez has failed to state a claim upon which relief can be granted.by alleging that the FBI "failed to answer or investigate complaints and take action against [his] stalkers and harassment after II complaints."[34]

### III. The Court Grants Mr. Lopez Leave to Amend His Complaint.

Based upon the foregoing analysis, this court lacks subject matter jurisdiction over Mr. Lopez's claims because he has failed to establish any waiver of sovereign immunity. Additionally, Mr. Lopez's complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[35] Although the court has its doubts, it will grant Mr. Lopez the opportunity to seek leave to amend his complaint within 30 days of this order. Failure to seek leave to amend the complaint in accordance with Fed. R. Civ. P. 15 and DUCivR 15-1 will result in a recommendation to the district court to dismiss this action with prejudice.

---

[34] ECF No. 5 at 4.

[35] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## CONCLUSION

The court ORDERS as follows:

1. Mr. Lopez is ordered to move for leave to file an amended complaint within 30 days of the date of this Order. The words "Amended Complaint" should appear in the caption of the draft amended complaint that must be attached to his motion for leave to amend the complaint under DUCivR 15-1.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. §1915(e) and Local Civil Rule DUCivR 3-2(b).

3. Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 9th day of September 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge