THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **JERRY ERNEST LOPEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00479-BSJ-JCB<br><br>**District Judge Bruce S. Jenkins**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Jerry Ernest Lopez's ("Mr. Lopez") amended complaint.[2] Mr. Lopez has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court will review the sufficiency of Mr. Lopez's amended complaint under the authority of the IFP Statute. Upon review, it is evident that Mr. Lopez fails to state a plausible claim for relief and that further opportunities to amend would be futile. Accordingly, the court recommends that this action be dismissed with prejudice.

BACKGROUND

Mr. Lopez's original complaint in this action named the United States of America, the United States Department of Justice ("DOJ"), and the Salt Lake Federal Bureau of Investigations

---

[1] ECF No. 8.

[2] ECF No. 13.

[3] ECF No. 4.

("FBI") (defendants collectively "the United States").[4] Mr. Lopez's complaint contained the following allegations in support of his claims:

- "[The FBI] failed to answer or investigate complaints and take action against [his] stalkers and harassment after II complaints several in Salt Lake and Missouri. Stalkers names ar[e] Marcus Golden, Angelic Griego, Christina Lopez, Jerrik Burton, Tanisha Lopez, Micheal Jessop, Charlene Peradeas."[5]

- Mr. Lopez claims that, "due to failed complaints and lack of action by [the FBI, he has] been harassed and evidence stolen by said persons also discriminated by law enforcement due to lies by person impersonating [FBI]."[6]

- Mr. Lopez also states that he has "been charged and sentenced on cases that should [have been] dismissed resulting in injuries by one Marcus Golden paying someone to run me down with [a] vehicle."[7]

- Mr. Lopez believes he is entitled to the following relief: "All cases reviewed by [FBI] internal affairs to show misconduct and investigating without probable cause & pain and suffering."[8]

Based upon these allegations, Mr. Lopez asserted a cause of action for "official misconduct and failure of duty," purportedly under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[9]

In a September 9, 2022 Memorandum Decision and Order, the court reviewed the sufficiency of Mr. Lopez's original complaint under the authority of the IFP Statute.[10] After analyzing each of Mr. Lopez's claims, the court concluded that he had failed to establish jurisdiction and that he had failed to state a claim upon which relief could be granted.[11] However,

---

[4] ECF No. 5 at 2.

[5] *Id.* at 4.

[6] *Id.* at 5.

[7] *Id.*

[8] *Id.* at 6.

[9] *Id.* at 4.

[10] ECF No. 12.

[11] *Id.* at 5-8.

the court provided Mr. Lopez with an opportunity amend his complaint.[12] Mr. Lopez filed an amended complaint on October 6, 2022, naming "United States of America (Salt Lake Federal Bureau of Investigations)" as sole defendant.[13] Mr. Lopez asserted causes of action for "discrimination" and "failure of duty" under 42 U.S.C. § 1983.[14]

Although Mr. Lopez has re-written his allegations against the United States in an amended complaint, the general substance of the claims remains the same: Mr. Lopez argues that the FBI owed him a duty to investigate his complaints and to protect him from harassment.[15] Mr. Lopez states that he "was experiencing harassment, group stalking, threats due to lawsuits starting on Cache County Case . . . and proceeding through this case."[16] Like in his previous complaint, he alleges that he filed "11 uninvestigated reports: 8 in Salt Lake and 4 in Missouri".[17] Therefore, he alleges that the United States "failed to investigate his [accusations] of harassment and threats . . . ."[18]

## LEGAL STANDARDS

Federal courts are courts of limited subject matter jurisdiction.[19] Fed. R. Civ. P. 12(b)(1) allows a court to dismiss a complaint for "lack of jurisdiction over the subject matter."[20] The

---

[12] *Id*. at 7.
[13] ECF No. 13.
[14] *Id*. at 5.
[15] *Id*. at 3.
[16] *Id*. at 4.
[17] *Id*. at 5.
[18] *Id*.
[19] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (2015).
[20] Fed. R. Civ. P. 12(b)(1).

party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[21] To do so, the plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[22] When it appears that a federal court lacks jurisdiction of the subject matter, the court must dismiss the action.[23]

Additionally, whenever the court authorizes a party to proceed in forma pauperis, the court must dismiss a case if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[24] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[25]

In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[26] Under that standard, the court "look[s] for plausibility in th[e] complaint."[27] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than

---

[21] *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) (quotations and citations omitted).

[22] *U. S. ex rel. Precision Co. v. Koch Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

[23] *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).

[24] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[25] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

[26] *Id.*

[27] *Id.* at 1218 (quotations and citation omitted) (second alteration in original).

adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[28]

In analyzing Mr. Lopez's amended complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[29] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[30] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[31]

## ANALYSIS

Mr. Lopez's amended complaint fails to cure the deficiencies in the original complaint identified in the court's prior order. The amended complaint does not include any new factual allegations regarding the United States, it merely rephrases them. As demonstrated below, (I) the court lacks jurisdiction over Mr. Lopez's claims, (II) Mr. Lopez fails to state claims upon which relief can be granted, and (III) allowing Mr. Lopez to amend his complaint a second time would be futile. Therefore, the court recommends that this action be dismissed with prejudice.

### I. The Court Lacks Jurisdiction Over Mr. Lopez's Claims.

This court lacks subject matter jurisdiction over this action because Mr. Lopez has failed to establish a waiver of the United States' sovereign immunity. "The United States, as sovereign,

---

[28] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[29] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[30] *Bellmon*, 935 F.2d at 1110.

[31] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

is immune from suit save as it consents to be sued."[32] The United States' consent to be sued is a "prerequisite for jurisdiction."[33] When the United States has not waived its sovereign immunity, a lawsuit must be dismissed for want of subject matter jurisdiction.[34]

As the plaintiff in this action, Mr. Lopez bears the burden of establishing federal jurisdiction.[35] To do so, he "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[36] In this case, the court concludes that it lacks subject matter jurisdiction over Mr. Lopez's claims because Mr. Lopez has not established compliance with any waiver of sovereign immunity allowing him to sue the FBI. First, the United States has not waived its sovereign immunity for its agencies, or employees acting in their official capacities, to be sued for alleged Constitutional violations.[37] Second, the United States has not waived its sovereign immunity under 42 U.S.C. § 1985 as a matter of law.[38] Accordingly, the court lacks subject matter jurisdiction over Mr. Lopez's claims.

---

[32] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotations and citation omitted).

[33] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[34] *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015).

[35] *Penteco Corp. Ltd. P'ship --- 1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991).

[36] *U. S. ex rel. Precision Co. v. Koch Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

[37] *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable . . . for constitutional tort claims."); *Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (holding no waiver of sovereign immunity to bring constitutional claims against the Department of Justice or its employees sued in their official capacities)

[38] *Jones v. Nat'l. Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006) ("The U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42.").

**II.      Mr. Lopez Fails to State Claims Upon Which Relief Can Be Granted.**

Even if Mr. Lopez could establish a waiver of sovereign immunity, his claims under sections 1983 fail as a matter of law because Mr. Lopez has claimed "infringement of a legal interest which clearly does not exist."[39] Despite Mr. Lopez's allegations, the FBI is not required to investigate every complaint filed. "As a general matter, law enforcement decisions surrounding the investigation and prosecution of crimes . . . involve the exercise of discretion."[40] Thus, in this court's previous order, it instructed that, in order for Mr. Lopez to state a claim, he must demonstrate the absence of discretion by revealing a federal statute, regulation, or policy that imposed upon the FBI a duty to investigate or take action in the context of Mr. Lopez's claim.[41] In the absence of such authority, the court must "presume that a government agent's discretionary actions are grounded in policy."[42]

Once again, Mr. Lopez has not provided the court with—and the court is not aware of—any basis whatsoever to conclude that the FBI, the DOJ, or any other official or agency of the United States owes Mr. Lopez a nondiscretionary duty to investigate his claims. Consequently, the court must presume that the law enforcement defendants appropriately acted within their ample discretion. Therefore, Mr. Lopez has failed to state a claim upon which relief can be granted by alleging that the FBI "failed to answer or investigate complaints and take action against [his] stalkers and harassment after II complaints."[43]

---

[39] *Neitzke*, 490 U.S. at 327-28.

[40] *Tasso v. U. S.*, 772 F. App'x 608, 612 (10th Cir. 2019) (quotations and citations omitted).

[41] *See, e.g.*, *Sydnes v. United States*, 523 F.3d 1179, 1184 (10th Cir. 2008).

[42] *Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1222 (10th Cir. 2016).

[43] ECF No. 5 at 4.

### III. Allowing Mr. Lopez to Amend His Complaint a Second Time Would Be Futile.

As stated above, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[44] In the court's September 9, 2022 Memorandum Decision and Order—which reviewed the sufficiency of Mr. Lopez's original complaint under the authority of the IFP Statute—the court provided Mr. Lopez with specific reasons showing why the claims in his original complaint were deficient and granting him an opportunity to amend his complaint. Nevertheless, Mr. Lopez's amended complaint asserts claims that were asserted in the original complaint, yet those claims still suffer from the same deficiencies. Under those circumstances, providing Mr. Lopez with a second chance to amend would be futile, and, therefore, this action should be dismissed with prejudice.[45]

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[46] The parties must file any objections

---

[44] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[45] *Sheldon v. Vermonty,* 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

[46] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

to this Report and Recommendation within fourteen days after being served with a copy of it.[47]

Failure to object may constitute waiver of objections upon subsequent review.

DATED this 1st day of November 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[47] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).